**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS ALFREDO MORENO-OLIVAS,
a/k/a Jesus Encinas Madrigal,

    Defendant - Appellant.

No. 25-1363
(D.C. No. 1:22-CR-00161-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Jesus Alfredo Moreno-Olivas pleaded guilty pursuant to a plea agreement to

one count of possession with intent to distribute 500 grams of methamphetamine and

one count of possession of a firearm in relation to a drug trafficking crime. The

district court calculated his total advisory Sentencing Guidelines range to be 295 to

353 months' imprisonment. Consistent with the terms of the plea agreement, the

government recommended a sentence of 240 months' imprisonment; Moreno-Olivas

then requested a sentence of 180 months' imprisonment. The district court ultimately

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced Moreno-Olivas to a total sentence of 210 months' imprisonment.[1]  He filed

a notice of appeal.  Moreno-Olivas's plea agreement contains an appeal waiver,

which the government moves to enforce under *United States v. Hahn*, 359 F.3d 1315,

1328 (10th Cir. 2004) (en banc).  We grant the motion and dismiss the appeal.

In determining whether to enforce an appeal waiver under *Hahn*, we consider:

"(1) whether the disputed appeal falls within the scope of the waiver of appellate rights;

(2) whether the defendant knowingly and voluntarily waived his appellate rights; and

(3) whether enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325.

The government argues Moreno-Olivas's appeal is within the scope of the waiver, he

knowingly and voluntarily waived his appeal rights, and enforcing the waiver would not

result in a miscarriage of justice.

Moreno-Olivas does not dispute that his appeal is within the scope of his waiver,

nor does he argue that enforcing the waiver would result in a miscarriage of justice, so we

need not address those *Hahn* factors.  *See United States v. Porter*, 405 F.3d 1136, 1143

(10th Cir. 2005).  He contends, however, that his appeal waiver was not knowing and

voluntary because the district court's plea colloquy was legally insufficient.  We disagree.

When assessing whether an appeal waiver "is knowing and voluntary, we

especially look to two factors":  (1) "whether the language of the plea agreement states

that the defendant entered the agreement knowingly and voluntarily," and (2) whether the

---

[1] The total sentence consists of 150 months for the distribution count and a consecutive sentence of 60 months for the firearm count.

district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. "[T]he defendant . . . bears the burden of demonstrating his waiver was not knowing and voluntary." *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (brackets and internal quotation marks omitted).

The plea agreement states that Moreno-Olivas "knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence . . . , unless it meets one of [three exceptions to the waiver]."[2] Mot. to Enforce, Attach. 1 at 2. Moreno-Olivas does not acknowledge this language from his plea agreement, but rather focuses solely on the plea colloquy.

Rule 11 states, "[b]efore the court accepts a plea of guilty or nolo contendere, . . . the court must address the defendant personally in open court" and "must inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). At the change-of-plea hearing, the following colloquy occurred:

> THE COURT: Do you understand, sir, that under the terms of your plea agreement you are waiving your right to appeal your conviction and sentence in this case, with only the three exceptions set forth in your agreement?
>
> THE DEFENDANT: Yes, Your Honor.

---

[2] The exceptions are set out in that same paragraph of the plea agreement and are: (1) the sentence exceeds the statutory maximum, (2) the sentence exceeds the top end of the advisory guideline range that applies for defendant's criminal history at a total offense level of 37, with an additional sixty-month consecutive sentence, or (3) the government appeals the sentence imposed.

THE COURT: Do you agree to this waiver?

THE DEFENDANT: Yes, Your Honor.

Mot. to Enforce, Attach. 2 at 14.

The court also asked Moreno-Olivas whether he had read the plea agreement, which had been translated into Spanish, and he said yes. *See id.* at 8. The court then asked if he had discussed the plea agreement in detail with his attorney, and he again said yes. *Id.* Moreno-Olivas also affirmed that to the extent he had any questions regarding his plea agreement, his attorney satisfactorily answered those questions, *id.*, and he further affirmed that he signed the plea agreement voluntarily, *id.* at 8-9.

Nonetheless, Moreno-Olivas asserts that "[t]he district court was required to relay what the three exceptions to the appeal waiver were in order for [him] to fully understand what he was agreeing to." Resp. at 2-3. He cites no case from this court to support his position.[3] In *Tanner* we reiterated that the Rule 11 colloquy is only "one factor to be considered in a motion to enforce an appeal waiver: it is a 'second way in which the content of a defendant's waiver of appeal rights can be made known to him.'" 721 F.3d at 1234 (quoting *Hahn*, 359 F.3d at 1325, and omitting further internal quotation marks). We further explained that "[i]n considering the totality of the circumstances, either the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper

---

[3] Moreno-Olivas relies on three cases from the Eleventh Circuit, but we are not bound by those precedents nor do we find them persuasive in this case.

4

Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary." *Id.*

The language of the plea agreement states that Moreno-Olivas knowingly and voluntarily waived his appeal rights, and he does not offer any argument challenging the sufficiency of this express language. The court also conducted an adequate Rule 11 plea colloquy, explaining that Moreno-Olivas was waiving his right to appeal his conviction and sentence, subject only to the three exceptions outlined in the plea agreement. And when asked by the court if he understood the waiver, he had the opportunity to ask for more information about any exceptions, to ask questions, and to say he did not understand the waiver, none of which he did. Here, as in *Tanner*, the plea agreement and the plea colloquy, "taken together, demonstrate [Moreno-Olivas's] waiver to have been knowingly and voluntarily made." 721 F.3d at 1234. He has not met his burden to show otherwise.

Moreno-Olivas does not dispute that his appeal is within the scope of his appeal waiver, nor does he argue that enforcing his waiver would result in a miscarriage of justice. Because we conclude his waiver was also knowing and voluntary, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court


Per Curiam